IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ZACHARY WILLIS                                                                    PLAINTIFF

v.                                         Civil No. 6:20-CV-06061

WARDEN DEANGELO EARL,                                                DEFENDANTS
CORPORAL MCGRATH, WARDEN
GAYLA JACKSON, and DEPUTY
WARDEN OUTLAW

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to

the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief

United States District Judge, referred this case to the undersigned for the purpose of making a

Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison

Litigation Reform Act (PLRA).  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to

screen any complaint in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity.  28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff filed his Complaint on June 11, 2020.  (ECF No. 1).  He alleges his federal

constitutional rights were violated on July 2, 2019, while he was incarcerated in the Arkansas

Department of Correction ("ADC") Ouachita Rive Unit.  (*Id*.).  He first alleges that Defendant

McGrath physically assaulted him on July 2, 2019.  (*Id*. at 6).  He pursues this claim against

Defendant McGrath in both official and personal capacities.  (*Id*.).

Plaintiff next alleges his due process rights were violated that same date when Defendants DeAngelo, Jackson, and Outlaw allowed him to be found guilty of disciplinary charges without a proper investigation, which resulted in Plaintiff spending 60 days in solitary confinement. (*Id.* at 7). Plaintiff proceeds against these Defendant in the official capacity only. (*Id.*).

Plaintiff seeks compensatory and punitive damages. (*Id.* at 9).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

Plaintiff's official capacity claims against Defendants are subject to dismissal. States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose,* 496 U.S. 356 (1990); *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v.*

2

*Missouri,* 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain,* 478 U.S. 265, 276 (1986)).  "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332, 342 (1979)).  "A suit against state employees in their official capacities is the functional equivalent of a suit against the State." *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2013).  As Defendants are all employees of the Arkansas Department of Correction, Plaintiff's official capacity claims against them are subject to dismissal.

## IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's official capacity claims against all Defendants be DISMISSED WITHOUT PREJUDICE.  I further recommend that Plaintiff's personal capacity claim for excessive force against Defendant McGrath remain for service and review.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **27th day of August 2020**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE