IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ZACHARY WILLIS                                                          PLAINTIFF

v.                                      Civil No. 6:20-CV-06061

CORPORAL MCGRATH                                                       DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions
of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States
District Judge, referred this case to the undersigned for the purpose of making a Report and
Recommendation.

Currently before the Court is Defendant's Motion for Summary Judgment on the issue of
administrative exhaustion.  (ECF No. 18).

## I.  BACKGROUND

Plaintiff filed his Complaint on June 11, 2020.  (ECF No. 1).  Plaintiff alleged that, while
he was incarcerated in the Arkansas Division of Correction ("ADC") Ouachita River Unit,
Defendant McGrath employed excessive force against him on July 2, 2019.  (ECF Nos. 1 at 6; 9
at 4).  Plaintiff further alleges that Defendants Earl, Jackson, and Outlaw permitted him to be found
guilty of disciplinary charges without a proper investigation that same day.  (ECF No. 1 at 7).
Plaintiff proceeds against Defendant McGrath in both his official and individual capacities.  (ECF
Nos. 1 at 6, 9 at 4).  Plaintiff proceeds against the remaining Defendants in their official capacity
only.  (ECF No. 1 at 7).  He seeks compensatory and punitive damages.  (ECF No. 1 at 9).

Plaintiff's claims concerning his disciplinary charges, as well as his official capacity claim
against Defendant McGrath, were dismissed pursuant to the preservice screening required by the

1

Prison Litigation Reform Act on September 22, 2020. (ECF No. 7). Plaintiff's individual capacity claim against Defendant McGrath for excessive force remained for further review. (*Id.*).

On October 15, 2020, Plaintiff submitted a proposed Amended Complaint which attempted to reinstate the claims which had been screened out. (ECF No. 8). The proposed Complaint was returned to Plaintiff unfiled, and Plaintiff was advised that if he wished to file an Amended Complaint against Defendant McGrath regarding his excessive force claim he could do so by November 17, 2020. (*Id.*). Plaintiff did so on November 6, 2020. (ECF No. 9).

Defendant McGrath filed his Motion for Summary Judgment on June 3, 2021. (ECF Nos. 18, 19, 20). Defendant McGrath argues that Plaintiff failed to exhaust his administrative remedies concerning the alleged excessive force incident prior to filing this case. (ECF No. 19).

On June 7, 2021, the Court entered an Order directing Plaintiff to submit his Response to the Motion by June 28, 2021. (ECF No. 23). In the Order, Plaintiff was directed to file a Response and a Statement of Disputed Facts. He was also advised that failure to do so would result in either Defendant's facts being deemed admitted, or in the dismissal of his case. (*Id.*). On June 22, 2021, Plaintiff filed a Motion for Leave to extend the page limits for his response pursuant to Ark Code. Ann § 19-10-208. (ECF No. 25). The Court denied this Motion on June 22, 2021, advising Plaintiff that requirements for complaints before the Arkansas State Claims Commission were irrelevant to a claim in this District, and Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. (ECF No. 26). Plaintiff filed a second Motion repeating his request on July 8, 2021, which was denied for the same reason on July 9, 2021. (ECF Nos. 27, 28).

On July 27, 2021, the Court entered an Order giving Plaintiff until August 17, 2021, to show cause for his failure to submit his Summary Judgment Response by. (ECF No. 29). Plaintiff

filed his Response more than a month after the deadline, on October 4, 2021.  (ECF No. 30).  The

Response did not contain a Statement of Disputed Facts and was non-responsive to Defendant's

Motion, consisting of the following paragraph which addresses the previously screened-out claim

about his disciplinary charge, and a copy of a complaint form repeating his claim of excessive

force.  At the beginning of his Response, Plaintiff states:

> They allowed me to be found guilty of the charges without a proper investigation
> being done which caused me to spend 60 days in solitary confinement.  And
> emotional trauma on myself and my family. loss of contact with family and loved
> ones. headaches, distrust of the integrity of the corrections officers.  And back and
> neck pain.

(ECF No. 30 at 1).

The Court must consider the facts set forth in Plaintiff's verified Complaint in ruling on

the Summary Judgment Motion.  A verified complaint is the equivalent of an affidavit for summary

judgment purposes.  *See, e.g., Roberson v. Hayti Police Dep't.*, 241 F.3d 992, 994-95 (8th Cir.

2001).

As the Court in *Roberson* pointed out, "[a]lthough a party may not generally rest on his

pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a

verified complaint need not be repeated in a responsive affidavit to survive the summary judgment

motion.  *Id.*  The Court will "piece[] together [Plaintiff's] version of the facts from the verified

complaint. . . ."  *McClanahan v. Young*, No. 4:13-cv-04140, 2016 WL 520983, *1 (D.S.D. Feb. 5,

2016).  Those portions of the Defendants' statement of material facts that do not conflict with

[Plaintiff's verified complaint] are deemed admitted."  (*Id.*).

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences

in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio

Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).
"Once a party moving for summary judgment has made a sufficient showing, the burden rests with
the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a
genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co*., 165
F.3d 602, 607 (8th Cir. 1999).

Then on-moving party "must do more than simply show that there is some metaphysical
doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient
evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson
v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is
insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d
621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is
blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not
adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott
v. Harris*, 550 U.S. 372, 380 (2007).

## III.  ANALYSIS

Defendant McGrath argues that Plaintiff failed to exhaust any grievance concerning the
alleged excessive force incident prior to filing this lawsuit.  (ECF No. 19 at 1).  Despite repeated
opportunities to do so, Plaintiff failed to respond to this argument or dispute any fact concerning
the exhaustion of any grievances concerning the alleged excessive force incident on July 2, 2019.

The Prison Litigation Reform Act ("PLRA") mandates exhaustion of available
administrative remedies before an inmate files suit.  Section 1997e(a) of the PLRA provides: "[n]o
action shall be brought with respect to prison conditions under section 1983 of this title, or any
other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted."  42 U.S. C. § 1997e(a).

4

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

The Eighth Circuit Court of Appeals has recognized only two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures, or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (explaining a prisoner is only required to exhaust those administrative remedies that are "available" and any remedies that prison officials prevent a prisoner from utilizing are not considered available).

Defendant identifies three non-medical grievances filed by Plaintiff during the relevant timeframe which are related to the excessive force incident, and shows that none of the three were administratively exhausted. Grievance No. OR-19-00694 was prepared by Plaintiff on July 6, 2019, and states that several officers "jumped on" Plaintiff on July 6, 2019. This grievance did not name Defendant as required by the ADC grievance Directive. (ECF Nos. 19 at 2, 18-3). The appeal was also rejected procedurally for attempting to grieve a disciplinary matter. (*Id.*).

Grievance No. OR-19-00737 was prepared by Plaintiff on July 12, 2019, names McGrath, and states that McGrath shoved Plaintiff and slammed him on the ground. (ECF Nos. 19 at 2-3, 18-4). The grievance was rejected at Step Two because it attempted to grieve a disciplinary matter.

Plaintiff's appeal for this grievance was rejected for procedural reasons because Plaintiff failed to include Attachment I as required by the ADC grievance Directive.  (ECF Nos. 19 at 2-3, 18-4).  The rejection ended the grievance process prior to exhaustion for OR-19-00737.  (ECF No. 19 at 3).

Grievance No. OR-19-00773 was prepared by Plaintiff on July 24, 2019 and repeats the allegations of the second grievance against Defendant McGrath.  (ECF Nos. 19 at 3, 83-5).  At Step Two, the grievance was rejected procedurally as untimely, duplicative, and because it attempted to grieve a disciplinary matter.  (ECF Nos.19 at 3, 83-5).  His appeal was rejected on procedural grounds because he failed to include Attachment III as required by the ADC grievance Directive.  The rejection ended the grievance process prior to exhaustion for OR-19-00773.  (ECF No. 19 at 3).

Plaintiff failed to respond to any argument or dispute any fact concerning the exhaustion of any grievances concerning the alleged excessive force incident on July 2, 2019.  Plaintiff also provided no identification of exhausted grievances in either of his Complaints, other than OR-19-00881, which states that Sergeant King had not timely responded to a Step One grievance submitted on August 6, 2019.  (ECF No. 1 at 2-3).  Sergeant King has never been named as a Defendant in this case.[1]

Defendant's summary judgment facts are deemed admitted, there is no material question of fact in dispute, and Defendant McGrath is entitled to judgment as a matter of law.

---

[1] To the extent that the grievance could be interpreted as a complaint that a grievance was not accepted by Sergeant King, the text of the response indicates that Plaintiff submitted other copies of the grievance in question earlier.  He merely failed to submit the proper copy with his appeal.  (ECF No. 1 at 2).

## IV.  CONCLUSION

Accordingly, it is recommended that Defendant McGrath's Motion for Summary Judgment on the issue of administrative exhaustion (ECF No. 18) be GRANTED and Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.[2]

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **14th day of January 2022**.

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[2] Claims that are dismissed for failure to exhaust administrative remedies should be dismissed without prejudice. *See Sergent v. Norris*, 330 F.3d 1084, 1085 (8th Cir. 2003) (per curiam).